UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Docket No. 5:18-cr-00275-FB-6 |
| v. | ) | Docket No. 5:21-cr-00352-FB-2 |
| | ) | |
| DIEGO ALVIZO, | ) | San Antonio, Texas |
| | ) | July 30, 2024 |
| Defendant. | ) | |
| ______________________________ | ) | |

TRANSCRIPT OF REARRAIGNMENT/PLEA HEARING
BEFORE THE HONORABLE FRED BIERY
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE GOVERNMENT:
Adrian Rosales
U.S. Attorney's Office
601 NW Loop 410, Suite 600
San Antonio, TX 78216

FOR THE DEFENDANT:
Jaime Efrain Cavazos
Law Office of Jaime Cavazos
1430 South Flores Street
San Antonio, TX 78204

COURT REPORTER:
CHRIS POAGE
United States Court Reporter
262 West Nueva Street, Room 1-400
San Antonio, TX 78207
Telephone: (210) 244-5036
chris_poage@txwd.uscourts.gov

Proceedings reported by stenotype, transcript produced by computer-aided transcription.

*(9:12 a.m.)*

THE COURT: All right. Mr. Alvizo, in 18-CR-275 and 21-CR-352, if you'll raise your right hand, please.

*(The oath was administered)*

THE COURT: All right. Are you the same -- how'd you get your hand out? Or you just have -- oh, I'm sorry. Okay. I didn't see that. Okay. Is that something chronic, or is this --

THE DEFENDANT: My back.

THE COURT: -- something you ended up -- happened in jail?

THE DEFENDANT: No. I've been -- for a while -- my back.

THE COURT: Okay. All right. Are you the same Diego Alvizo, defendant number six in the 2018 case and defendant number two in the 2021 case, who's charged here with 50 grams or more of a conspiracy involving methamphetamine? And that's Count 1 of the first case. And then Count 1 of the first superseding indictment in the next case is another conspiracy involving 500 grams or more of a mixture containing methamphetamine. Are you that person?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand those two charges?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had enough time to listen to the

advice of Mr. Cavazos as your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Did you know in both cases that you were doing something you should not have been doing?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Cavazos, are you satisfied your client is legally competent to go forward?

MR. CAVAZOS: I am, Your Honor.

THE COURT: Have you looked at the government's evidence in both cases and advised him of your professional opinion of the strength or weakness of the government's cases against him and what his rights and choices are?

MR. CAVAZOS: I have, Your Honor.

THE COURT: Mr. Alvizo, in both cases you are looking at a maximum term of life in prison, which could run consecutively or concurrently. In the first case it's a ten-year minimum mandatory. In the second case it's a 15-year minimum mandatory, again, consecutive or concurrent, a ten-million-dollar fine in one case and a 20-million-dollar fine in another case.

Mr. Rosales, I'm assuming the difference is because of continuing criminal activity, or was there a change in the sentencing guideline system or the statute?

MR. ROSALES: It's because of his criminal activity, Your Honor. He was eligible for an 851 enhancement on the

second case.

THE COURT: Okay. All right. And in each case, Mr. Alvizo, there is a $100 assessment for the Victim of Crime Fund. And in both cases, if, as and when you ever get out of prison, there is a five-year period on each case of supervision, during which time if you violate the rules of supervision, you go back to prison for another five years in each case.

And then eventually, several months from now, the Court will decide your actual punishment within those maximums based on a presentence report, your behavior while you're in the marshal's custody, your health and age, background, all of those sorts of things.

Do you understand the punishment aspects of the case?

THE DEFENDANT: Yes, sir.

THE COURT: On Page 3 of both agreements there is a summary of what the government says happened in each case that the government believes it could prove if this matter went to trial, the first one having to do with you and another fella, in May of 2017 -- there was a wiretap. Agents were listening to you and this other person about a shipment of drugs headed to San Antonio. Goes on to talk about some nicknames, some addresses. And eventually agents seized 4,800 grams of methamphetamine. It netted out at about 4,000 grams of pure methamphetamine.

Are those facts true in that case?

THE DEFENDANT: Yes, sir.

THE COURT: And then in the second case, in December of 2020 until November of 2021, there was a particular drug trafficking organization. They're working with you, large amounts of meth and names these other people. In that case Border Patrol, in May of 2021, seized almost four kilograms of meth from a vehicle driving -- someone else was driving.

Then DEA got another wiretap authorization and started listening to these other folks and you; that there was some problems going on, that they heard between you and one of the other people, about who lost or stole the drugs. And then there was another seizure, I think, yes, in Fayette County.

So have you gone over those facts in that case with Mr. Cavazos?

THE DEFENDANT: Yes, sir.

THE COURT: Are those facts true and correct?

THE DEFENDANT: Yes, sir.

THE COURT: Even though you've told the Court those facts are true in both cases, that doesn't make you legally guilty unless you plead guilty today, or if you change your mind, then the only other way would be if you had a trial in front of 12 people. They would be the judges, not me. They would decide whether these facts can be proven by the government beyond a reasonable doubt or not. Rather than just

this written summary, the wiretap tapes would come in, the drug samples. The chemist would come in and testify, the law enforcement people. All of those people would be cross-examined by Mr. Cavazos, as your lawyer. You could get up and testify if you wanted to, but no one would force you to. If you were convicted, you would have the right to appeal by direct and habeas corpus appeal.

Do you understand all of those American constitutional rights?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone forced you, threatened you or paid you any money --

THE DEFENDANT: No, sir.

THE COURT: -- to make you give up your rights or sign these plea agreements?

THE DEFENDANT: No, sir.

THE COURT: At this time the Court finds Mr. Alvizo legally competent in both cases to enter pleas of guilty if he chooses to do so. He knows and understands the nature of the charge, the punishment options. There's a factual basis in both cases, and there is an arm's length negotiated plea agreement in each case containing a written and now orally-confirmed waiver of constitutional rights.

Mr. Rosales, do you wish the Court to admonish further?

MR. ROSALES: No, Your Honor.

THE COURT: Mr. Cavazos?

MR. CAVAZOS: No, Your Honor.

THE COURT: Mr. Alvizo, in Cause Number 18-CR-275, defendant number six, do you, Diego Alvizo, to the charge against you of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, do you say guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: In Cause Number 21-CR-352, the same conspiracy charge of possession with intent to distribute methamphetamine, except in that one it is 500 grams of only a mixture as opposed to pure meth, do you say guilty or not guilty to that charge?

THE DEFENDANT: Guilty.

THE COURT: I accept Mr. Alvizo's pleas of guilty, find him guilty of Count 1 of the indictment in 18-CR-275 and Count 1 of the first superseding indictment in 21-CR-352.

And the punishment date will be held after a presentence report is prepared by the probation officer. You and Mr. Cavazos will go over that together for any changes or corrections. And that will be heard then on November the 5th to decide what your actual punishment is.

Mr. Cavazos, to your knowledge is this Mr. Alvizo's first federal matter?

MR. CAVAZOS: No, Your Honor.

THE COURT: Okay. All right. Mr. Alvizo, when was your first federal matter?

THE DEFENDANT: 2003.

THE COURT: Where?

THE DEFENDANT: 2003.

THE COURT: And where?

THE DEFENDANT: Oh, in Eagle Pass.

THE COURT: Eagle Pass. In front of Judge Moses?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. What was your sentence in that case?

THE DEFENDANT: 70 months. 70 months.

THE COURT: 17?

THE DEFENDANT: 70.

MR. CAVAZOS: Seven zero.

THE COURT: 70. Was that drugs, also?

THE DEFENDANT: Yes, sir. Cocaine.

THE COURT: Okay. So why do you keep doing this?

THE DEFENDANT: Mistake that I did in prison, knowing other people. You know other people, and you go out, and you hang out with them, and that's when they get you in trouble.

THE COURT: Okay. How old are you?

THE DEFENDANT: I'm 49. I'm going to be 49.

THE COURT: Okay. Well, for Judge Moses, that's a pretty light sentence. Have you already finished your

supervised release in that case?

THE DEFENDANT: Yes, sir.

THE COURT: So you're finished with Judge Moses' case, right?

THE DEFENDANT: Yes, sir.

THE COURT: You don't have to go back and see her?

THE DEFENDANT: No, sir.

THE COURT: Now you have to see me?

THE DEFENDANT: Yes, sir.

THE COURT: I haven't decided what I'm going to do. But here's a very important question as I start thinking about it. Given what we just talked about, as between Judge Moses and me, who do you like better?

THE DEFENDANT: I don't know you, but I think you.

MR. CAVAZOS: Good answer.

THE COURT: That's the right answer.

All right. Well, your choices. I mean, you heard this other young man: Oh, I'm only 23 years old. I'm young. I didn't know what I was doing.

You're old enough to know better, man, right?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Well, all right. Do you have any questions about what we've done so far?

THE DEFENDANT: No, sir.

THE COURT: Mr. Cavazos?

MR. CAVAZOS: No, sir.

THE COURT: Mr. Rosales?

MR. ROSALES: No, Your Honor.

THE COURT: All right. At any rate, back to your first federal case, because you've already had that presentence report, probation can get the old one and update it. So we might be able to do this sooner. But that depends on probation's workload, the Court's schedule and so forth. You're not going anywhere anyway.

All right. Good luck to you, sir. You may go with the marshals.

* * *

*(9:24 a.m.)*

-oOo-

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Date: 1/20/2026 /s/ Chris Poage
United States Court Reporter
262 West Nueva Street
San Antonio, TX 78207